## American Casualty Company of Reading, Appellant, *v.* Kligerman et al.

Argued May 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*George H. Detweiler*, with him *David Fulmer Keely, Robert A. Detweiler* and *Charles W. Sweeney*, for appellant.

*S. Regen Ginsburg*, with him *H. P. Abramson*, for Dorothy Kligerman, appellee.

*Louis Wagner*, for Jay E. Tipton, appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 26, 1950:

These appeals are from a judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L.

840, sec. 1 et seq., as amended, 12 PS 831. The purpose of the proceeding was to determine the validity of a compensation agreement between the insurance carrier, the employer and the widow of a deceased employe, within the terms of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS 1 et seq.

Workmen's compensation, in essence, is a part of a social insurance plan which also includes old age and unemployment insurance. Its operation has proven of tremendous benefit both to employe and employer. The purpose of the Act is to afford a workman protection against injuries, and to give relief in case of accident by way of accident insurance in place of common law rights. Proceedings for the adjustment of compensation claims when the parties interested agree upon the amount payable, and the enforcement of liability in case of disagreement, are outlined in the Act. The methods adopted, the practice and procedure followed are contrary to the ordinary rules of the common law.

For administration purposes the State is divided into districts, with a referee or referees in each district, a district consisting of certain designated counties. The Workmen's Compensation Board consists of a chairman and three members, one of whom, the Secretary of Labor and Industry, is an *ex officio* member who does not vote on orders, decisions or awards. The Act provides that jurisdiction of all cases arising under the compensation law is vested in these Referees and the Board. Such jurisdiction cannot be changed or enlarged by contract or consent.

The courts of common pleas are without jurisdiction in compensation cases, except on appeal. The parties are not entitled to a jury trial, and jurisdiction cannot be conferred upon the court by stipulation.

The rights and obligations of the parties are determinable, under the Act, (a) by agreement and (b) a claim petition, heard initially before a Referee or Board.

The "department" as mentioned in the Act is defined as "Department of Labor and Industry of this [Pennsylvania] Commonwealth," while bureau means the Bureau of Workmen's Compensation in such department.

If the parties cannot agree, the employe is required to file, within one year, a claim petition which is forwarded to the Bureau at Harrisburg. This petition will then be assigned to the Referee of the proper district and notice served upon the parties. The defendant must then file his answer to the petition with the Referee. After a hearing the Referee files his report with the department, and the case is reviewed by the Board which files its report. An appeal may then be taken to the court of Common Pleas. A further appeal may thereafter be taken to the Superior Court, and to the Supreme Court, if specially allowed. Appeals to the Superior Court, in these cases, are *regardless of the amount involved.*

Compensation agreements are provided for in the Act. On or after the seventh day of disability, after an accident occurs, the employer and employe, or the dependents in a fatal case, may execute an agreement for the payment of compensation which is forwarded to the Bureau for approval. Approval notices are mailed to the claimant and defendant by the Bureau. Such agreements are specifically regulated both as to substance and form by the various statutes, and the agreements must be approved by the Department and filed therein.

The applicable statutes and a host of cases supporting the foregoing may be found in the authoritative encyclopedic treatise of William A. Skinner, Esq., titled "The Workmen's Compensation Law of Pennsylvania" (2 volumes, fourth edition).

In the case now before us, the widow of the deceased injured workman and the employer executed a com-

pensation agreement which, at first, the Director of the Bureau of Workmen's Compensation refused to approve. An action of mandamus was commenced by the widow in the Court of Common Pleas of Dauphin County, seeking to require the Director to approve it. The appellant, the insurance carrier, petitioned and was allowed to intervene in that case. Before a decision was rendered, the Director approved the agreement. It was filed in the Department, where it presently reposes: *Klingerman v. Chesnut, Secretary*, 56 Dauphin County reports 304.

With the record in this position the insurance carrier filed a petition under the Declaratory Judgments Act, supra. The learned court below entertained the petition. It ruled that the agreement was valid and directed the widow to file with the prothonotary a certified copy of the agreement and the Board's order approving the same. This appeal followed.

It is appellant's contention that the compensation agreement, so approved and filed, is void and inoperative under the terms of the Act.

Compensation agreements are specifically provided for in The Workmen's Compensation Act. An agreement permitting a commutation of payments contrary to the provisions of the Act, or varying the amount to be paid, or the period during which compensation shall be payable, is wholly null and void: *Bair v. Susquehanna Collieries Company*, 335 Pa. 266, 6 A. 2d 779.

The Amending Act of 1939, June 21, P. L. 520, 77 PS 602 (pocket part) provides that agreements relating to compensation for death must be executed within one year of death. But as pointed out by Judge RICH-ARDS in the mandamus case, supra, "when one party has deluded the other to the advantage of the first and to the hurt of the second" the claim is not barred by limitation: *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, 117 A. 409; *Horton v. West Penn Power Com-*

*pany et al.*, 119 Pa. Superior Ct. 465, 180 A. 56; *Guy v. Stoecklein Baking Company et al.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839; *Demmel v. Dilworth Company et al.*, 136 Pa. Superior Ct. 37, 7 A. 2d 50; *Meyers v. Lehigh Valley Transportation Company et al.*, 138 Pa. Superior Ct. 569, 10 A. 2d 879; *Rowles v. State Workmen's Insurance Fund et al.*, 141 Pa. Superior Ct. 193, 14 A. 2d 551; *Reichert v. Pennsylvania Railroad Company (et al. Appellant)*, 156 Pa. Superior Ct. 213, 40 A. 2d 158.

In specified circumstances the Board, or a Referee designated by the Board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed by either party: Act 1939, June 21, P. L. 520, 77 PS 771, p. 193 (pocket part). This reads: "The board, or a referee designated by the board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed by either party with the board or in the course of the proceedings under any petition pending before such board or referee, if it be proved that such agreement was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact. . . ."

The validity of the agreement, or whether it has become ineffective because of the statutory limitation concerning time of filing, or of its proper execution, *is a mixed question of fact and law.*

A reading of the statute and its many amendments makes it manifest that the legislation relating to workmen's compensation was designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter. It is clear that the jurisdiction of the courts of common pleas and of the appellate courts relates solely to *review* on appeal. The statutory provisions relate to both cases *commenced by petition* and to *agreements for compensation.* The common pleas court below, therefore, possessed no

jurisdiction to entertain a petition for a declaratory judgment in a workmen's compensation case, especially relating to an approved agreement for compensation, filed in the Bureau of Workmen's Compensation. All questions concerning the validity of such an agreement must first be determined by a Compensation Board or its Referee. Such judgment may thereafter be reviewed, on appeal, by the court of common pleas, with an appeal to the Superior Court. A declaratory judgment is an inappropriate remedy in a workmen's compensation case. It is not an optional substitute for established and available remedies, especially where another statutory remedy has been specifically provided: *Gerety Estate*, 349 Pa. 417, 37 A. 2d 792; *Keefer Estate*, 351 Pa. 343, 41 A. 2d 666; *Fahey Estate*, 356 Pa. 535, 52 A. 2d 580; *Thompson Estate*, 360 Pa. 566, 63 A. 2d 55; *Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose*, 364 Pa. 15, 20, 70 A. 2d 316, and cases therein cited.

The appeal is quashed and the judgment of the court below is vacated.