**Lloyd L. REED**

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY.**

Civ. A. No. 73–762.

United States District Court, E. D. Pennsylvania.

Nov. 30, 1973.

Jack E. Feinberg, Philadelphia, Pa., for plaintiff.

Curtis Wright, Ambler, Pa., for defendant.

MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is a diversity action. Defendant has moved to dismiss under F.R.Civ.P. 12(b). Defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted and that this court is without jurisdiction to entertain the complaint in that the claims alleged arise exclusively under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736 as amended, 77 P.S. § 1 et seq. ("Act").

For the reasons below, we deny defendant's motion.

Plaintiff alleges and defendant does not deny that plaintiff was injured in an industrial accident on May 27, 1968. On June 10, 1968 he and Hartford, his employer's workmen's compensation carrier, entered into a workmen's compensation agreement providing total disability benefits for Reed. On October 27, 1969, Hartford ceased paying these benefits, but did not file a petition to modify or terminate as required by § 413 of the Act (77 P.S. § 772) until June 22, 1971. This petition alleged that Reed's disability was only 7%, rather than total. On November 11, 1971, a hearing was held at which medical experts for both sides agreed that Reed was totally disabled, and the referee so found. He therefore ordered Hartford to make back payments from October 27, 1969 and future payments, all based on total disability. No appeal was taken from that decision.

Reed's complaint contains four counts: (1) intentional economic duress by Hartford to deprive Reed of what was rightfully his by attempting to force him to settle for less than total disability compensation; (2) conversion by Hartford of funds set aside in specific reserves for Reed's benefit; (3) abuse and misuse of process by filing the petition without a bona fide reason and by willfully and maliciously causing a false, fraudulent and perjured affidavit to be taken to Hartford's petition to modify; and (4) breach of the compensation agreement by ceasing payments and filing a false, fraudulent and perjured modification petition. Reed alleges that as a result of Hartford's wrongful behavior, he has been forced to hire an attorney at great expense and has otherwise undergone severe financial and mental distress.

The Workmen's Compensation Act provides an exclusive remedy for personal injury or death arising from employment-related accidents. (§ 101, 77 P.S. § 1). Although the initial determinant of this present law suit may have been such an accident and such injuries, it is not that occurrence for which this suit is brought. That cause of action was resolved through the workmen's compensation machinery. This present action is based on Hartford's alleged independent intentional torts and breach of their agreement, unrelated to Reed's employment. This is not a case of permitting an employee to sue an insurer based on an employment-connected accident where he could not sue the employer directly. *See* Aceto v. Zurich Insurance Co., 440 F.2d 1320 (C.A. 3, 1971). Rather this is a completely independent cause of action, arising out of the relationship between insured and insurer *qua* insurer.

■ Defendant has shown us no authority to persuade us that this court is without jurisdiction to resolve these claims. The cases cited in defendant's memorandum in support of its motion to dismiss only reaffirm the well-established proposition that the exclusive remedy for causes of action arising out of employment-related accidents is under the Act. *E. g.*, Evans v. Allentown Portland Cement Co., 433 Pa. 595, 252 A.2d 646 (1969). Defendant has shown us no case to support the proposition that causes of action based on economic duress, conversion, abuse and misuse of process or breach of contract, between an employee and a carrier, are also governed exclusively by the Act.

■ Nor has our independent examination of the Act disclosed any provisions to cover the claims alleged here.[1] The exclusivity of the Act is irrelevant to causes of action which are not cov-

1. Section 428, 77 P.S. § 951, governing execution on judgment, may have a bearing on jurisdiction over plaintiff's breach of contract claim. However, as this section has not been cited or discussed by either side, we shall not treat this specific issue at this time. A motion to dismiss may be denied even where the court is uncertain whether it has jurisdiction over a workmen's compensation-related claim. *See* Scanlon v. Cauley, 361 Pa. 413, 415, 64 A.2d 763, 764 (1949).

ered by it. *See* Boal v. Electric Storage Battery Co., 98 F.2d 815, 819–820 (C.A. 3, 1938) (contracting of occupational disease); Dolan v. Linton's Lunch, 397 Pa. 114, 152 A.2d 887 (1959) (beating by another employee). We therefore hold that the Act does not deprive Reed of his common law claims arising out of Hartford's alleged wrongdoing,[2] and that since the amount in controversy is alleged to be in excess of $10,000, this court properly has subject matter jurisdiction over this action. We therefore deny defendant's motion to dismiss.

2. Since neither party has briefed or argued the substantive merits of plaintiff's claims, we express no opinion on their validity.