550 A.2d 1009

**George C. KUNEY, Appellant,**

v.

**PMA INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 24, 1988.

Filed Nov. 28, 1988.

Reargument Denied Feb. 10, 1989.

William David Marvin, Philadelphia, for appellant.

Anthony J. Bilotti, Philadelphia, for appellee.

Before BROSKY, ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

This is an appeal from an order of the trial court sustaining PMA Insurance Company's (appellee's) preliminary objections and dismissing appellant's complaint. Although presented in his brief as two separate questions, appellant, George Kuney, raises only one issue in this appeal; i.e., whether an employee has an independent cause of action against his employer's workmen's compensation insurer if the insurer has engaged in conduct designed to frustrate the employee's right to compensation under the Pennsylvania Workmen's Compensation Act, 77 Pa.S.A. §§ 1 et seq. We hold that he does and reverse.

Appellant was injured on February 4, 1985, while working as an employee of Continental Data Systems (Continental). Appellee is Continental's workmen's compensation insurance carrier. Appellant filed a claim petition with the

Pennsylvania Bureau of Workmen's Compensation. The claim was litigated before a referee who filed a decision on February 10, 1987. It was determined by the referee that appellant was entitled to total disability benefits commencing April 12, 1985, interest on compensation past due, costs, and attorney's fees. Appellee filed an appeal of the referee's award to the Pennsylvania Workmen's Compensation Appeal Board, as well as a request for a supersedeas. On April 14, 1987, appellant filed this civil action against appellee alleging that appellee had acted in bad faith in refusing to pay appellant any compensation or medical benefits. Appellant further alleged that appellee had engaged in conduct designed to delay and frustrate appellant's assertion of his rights. Appellee filed preliminary objections to the complaint. The trial court held that appellant's claim fell within the jurisdiction of the Workmen's Compensation Act and that the Act is appellant's exclusive remedy. The court sustained Appellee's preliminary objections and dismissed Appellant's complaint. Appellant filed this timely appeal from that order.

Appellant argues that this action is not barred by the Workmen's Compensation Act because it is directed at the employer's insurance carrier, and not the employer, for injuries caused by the carrier, separate and apart from those which were incurred at his workplace. Appellee responds that the Act is appellant's exclusive remedy and precludes any action against it, relying upon *Rosipal v. Montgomery Ward*, 360 Pa.Super. 570, 521 A.2d 49 (1987), alloc. granted, 516 Pa. 635, 533 A.2d 93 (1987), appeal dismissed, 517 Pa. 460, 538 A.2d 495 (1988). Appellee's reliance is misplaced, however. *Rosipal* involved an employee who commenced a civil action against her *employer* after the employer filed an allegedly fraudulent petition for termination of Workmen's Compensation benefits. We held that the Workmen's Compensation Act covered all injuries to an employee caused by the employer and that the exclusivity clause bars all civil actions flowing from work related injuries. The instant case, as alleged by appellant, involves

no claim against the employer, but rather, only against the employer's insurance carrier.

We find that the instant case is analogous to *Reed v. Hartford Accident and Indemnity Company*, 367 F.Supp. 134 (E.D.Pa.1973). There, the employee filed an action against his employer's insurance carrier for its own independent tortious conduct. The complaint contained four counts: economic distress, conversion, abuse and misuse of process, and breach of the compensation agreement. As the court in *Reed* stated:

> The Workmen's Compensation Act provides an exclusive remedy for personal injury or death arising from employment-related accidents. Although the initial determinant of this present law suit may have been such an accident and such injuries, it is not that occurrence for which this suit is brought. That cause of action was resolved through the workmen's compensation machinery. This present action is based upon Hartford's alleged independent intentional torts and breach of their agreement, unrelated to Reed's employment. This is not a case of permitting an employee to sue the employer directly. Rather this is a completely independent cause of action, arising out of the relationship between insured and insurer *qua* insurer.

Id. at 135.

Appellee argues in its brief that the Workmen's Compensation Act has been amended since the decision in *Reed* to include all injuries including intentional torts. As correct as that statement is, it would not have affected the outcome in *Reed*. The decision in *Reed* was not based upon a reading of the Act that excluded intentional torts from its exclusive remedy provision. Rather, the court held that the Act did not bar an action by the employee against the insurance carrier for *its own conduct*. We find the decision in *Reed* persuasive.

In the instant case appellant has alleged in his complaint that his injuries were caused by, and are the causal result of appellee's conduct, which was separate and apart from

the work-related injury. Upon review of appellant's complaint, we find that appellant has alleged sufficient facts to state a cause of action for deceit and fraudulent misrepresentation against appellee based upon its own conduct, and that the preliminary objections should not have been sustained. *See Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986) (plaintiff may sue insurance carrier for common law actions of fraud and deceit). Therefore, we hold that the Workmen's Compensation Act does not apply and that appellee is not immune from the suit alleged in appellant's complaint.

Order reversed and case remanded for proceedings consistent with the foregoing opinion. Jurisdiction is not retained.