578 A.2d 1285

**George C. KUNEY, Appellee,**

v.

**PMA INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 5, 1990.

Decided Aug. 22, 1990.

172

Earl T. Britt, Anthony J. Bilotti, for appellant.

L. Rostaing Tharaud, Charles W. Craven, for amicus—Pa. Defense Institute.

William D. Marvin, for appellee.

Joseph Lurie, Richard W. Rosenblitt, for amicus—Pa. AFL–CIO.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We must decide whether an employer's immunity from tort actions, guaranteed by the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., protects its insurance carrier if the insurer is alleged to have engaged in fraud and deceit to deprive an injured employee of his workers' compensation benefits.

The underlying workers' compensation claim arose as follows. Mr. Kuney, the appellee, was employed by Continental Data Systems, and on February 4, 1985, he was injured on the job. He filed a claim petition, and PMA Insurance Company, his employer's compensation carrier, refused to pay any benefits, despite its alleged knowledge that he was clearly entitled to some compensation. Moreover, Kuney alleges that PMA decided to deny benefits but to conceal this decision from him in order to defeat his rights under the Workmen's Compensation Act and the federal and state constitutions.

On February 10, 1987, the referee decided that Mr. Kuney had sustained a compensable work-related injury on February 4, 1985, and was entitled to total disability benefits. The referee awarded interest on all past-due compensation and ordered PMA to pay Mr. Kuney's litigation expenses and counsel fees, due to the referee's conclusion that PMA had no reasonable basis to contest the claim. PMA appealed the decision, and continued to withhold payment, allegedly in order to impose extreme financial hardship on the appellee without any legal justification. The Workmen's Compensation Appeal Board (W.C.A.B.) reversed that part of the referee's decision which concluded that PMA had had no reasonable basis to contest the compensation claim. On appeal, the Commonwealth Court reversed the W.C.A.B., reinstating the award of the appellee's counsel fees, holding that PMA had failed to establish that it had a reasonable basis for contesting the claim petition. *Kuney v. Work-*

*men's Compensation Appeal Board,* 127 Pa.Cmwlth. 628, 562 A.2d 931 (1989).

Concurrently with the litigation of the workers' compensation claim, the appellee filed this civil action against PMA, seeking damages for injuries allegedly sustained by him as a result of PMA's fraudulent handling of his compensation claim. PMA filed preliminary objections which were sustained by the trial court, due to its holding that the appellee's sole remedy for injuries stemming from PMA's conduct in processing his compensation claim is provided by the Workmen's Compensation Act. On appeal, the Superior Court reversed and remanded for further proceedings, holding that the Workmen's Compensation Act did not bar the appellee's lawsuit against his employer's workers' compensation insurance carrier. 379 Pa.Super. 598, 550 A.2d 1009. We granted allocatur to consider whether a common law tort action is proper under these circumstances.

The exclusivity clause of the Workmen's Compensation Act, 77 P.S. § 481(a):

> is a version of the historical *quid pro quo* employers received for being subjected to a no-fault system of compensation for worker injuries. That is, while the employer assumes liability without fault for a work-related injury, he is relieved of the possibility of a larger damage verdict in a common law action.

*Lewis v. School District of Philadelphia,* 517 Pa. 461, 471, 538 A.2d 862, 867 (1988) (citations omitted). The statute therefore deprived workers of some rights in exchange for surer benefits, and immunized employers from common law actions in order to make benefits available to workers who were theretofore without practical remedies. *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 255, 469 A.2d 158, 160 (1983).

▇ The employer's immunity from tort action extends to its workers' compensation insurance carrier, protecting the insurer to the full extent of the employer's protection. Title 77 P.S. § 501 states, inter alia: "Such insurer shall assume the employer's liability hereunder *and shall be entitled to*

*all of the employer's immunities and protection hereunder ...."* (Emphasis added.) *See Jadosh v. Goeringer,* 442 Pa. 451, 275 A.2d 58 (1971). An employer's liability for work-related injuries is governed solely by the Workmen's Compensation Act, and the same is true of a compensation insurance carrier. Injuries not covered by the act, of course, are not subject to tort immunity.

In determining whether the appellee's alleged injury is subject to the exclusive remedies of the Workmen's Compensation Act or whether it is remediable in tort, we must examine the scope of the statute and its remedies to determine the intent of the legislature. One salient feature of the statute is its statutory penalty provisions. The appellant argues that permitting a tort action would be inconsistent with the fact that the compensation statute provides a comprehensive system for adjudicating workers' compensation disputes, including specific remedies for the alleged injury. The statute provides for ten percent interest on due and unpaid compensation, 77 P.S. § 717.1, as well as for penalties up to ten percent for violations of the act, for violations of rules and regulations promulgated thereunder, or for violations of rules of procedure, and the penalties may be increased to twenty percent in cases of unreasonable or excessive delay, 77 P.S. § 991. The statute allows attorneys fees and costs to be assessed against an insurer which contests, without a reasonable basis, a compensation claim. 77 P.S. § 996. The appellant would have us apply the principle that ".where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress." *Interstate Traveller Services, Inc. v. Commonwealth, Department of Environmental Resources,* 486 Pa. 536, 542, 406 A.2d 1020, 1023 (1979) (Opinion in Support of Affirmance), quoting *Erie Human Relations Comm'n ex rel. Dunson v. Erie Insurance Exchange,* 465 Pa. 240, 245, 348 A.2d 742, 744 (1976).

The cited cases support the conclusion that the comprehensive system of substantive, procedural, and remedial

laws comprising the workers' compensation system should be the *exclusive* forum for redress of injuries in any way related to the workplace. This principle was established as long ago as 1950. This Court stated: "A reading of this statute and its many amendments makes it manifest that the legislation relating to workmen's compensation was designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter." *American Casualty Co. v. Kligerman,* 365 Pa. 168, 172, 74 A.2d 169, 172 (1950). When the allegations of a claim have as their ultimate basis an injury compensable under the Workmen's Compensation Act, the claim must be considered within the framework of the statute.

Reduced to its essence, the appellee's claim is that the insurance company wrongfully delayed his receipt of compensation benefits. This is clearly a matter pertaining to a workers' compensation claim and must therefore be adjudicated within the framework of the statute, which, as stated above, has specific remedies for such a grievance. The appellee received interest on past due compensation as well as attorneys fees and legal costs which were assessed against the insurer for contesting, without a reasonable basis, his compensation claim.

It is fruitless to argue that the appellee has nevertheless failed to receive *full* indemnification for the injury he suffered through the insurance company's allegedly fraudulent handling of his claim. Benefits payable under the Workmen's Compensation Act are normally the limit of a worker's recovery even though compensatory damages in a tort action might be much higher. For instance, a worker who loses a foot is entitled to receive only the following: two-thirds of his wages for two hundred fifty weeks and disability benefits during a healing period not to exceed a maximum of twenty-five weeks, 77 P.S. § 513(4) and (25), though such damages might seem paltry recompense for the dismemberment. Thus it has been stated:

When an employee sustains injuries which bring him within the Workmen's Compensation Act, the amount he is to be compensated depends upon the provisions of the Act. That compensation is his exclusive remedy. Its exclusivity is not destroyed and the employee does not acquire additional remedies merely because the provisions of the Act fail to provide what he deems to be adequate or full compensation for injuries sustained.

*Kline v. Arden H. Verner Co.*, 307 Pa.Super. 573, 576, 453 A.2d 1035, 1036 (1982), aff'd 503 Pa. 251, 469 A.2d 158 (1983), citing *Scott v. C.E. Powell Coal Co.*, 402 Pa. 73, 166 A.2d 31 (1960). We have long recognized that the adequacy of compensation is solely a matter for the legislature.

The nature and extent of the remedy provided by the General Assembly in a remedial statute [such as the Workmen's Compensation Act] is within the sound judgment of the legislature. That discretion should not be intruded upon by the judicial branch. The urged recognition of a common law cause of action would, in fact, constitute that type of unwarranted and impermissible intrusion.

*Kline v. Arden H. Verner Co.*, 503 Pa. at 258, 469 A.2d at 161 (Nix, J., now C.J., concurring).

■ Accordingly, inasmuch as the appellee's claim is ultimately based upon an injury compensable under the Workmen's Compensation Act, he is limited to the remedies provided within the framework of the act. The exclusivity provisions of the workers' compensation law prohibit a tort action against the insurance carrier for damages caused by the insurer's allegedly intentional mishandling of the injured employee's compensation claim.* The order of the

---

* Due to this holding, we need not consider the second argument of the appellant, which is that the insurer is immune from this tort action due to the exclusivity of the remedies provided by the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq., as interpreted by this Court in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981).

Superior Court, remanding the case for further proceedings in the trial court, must therefore be reversed.

Order reversed.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent.

Today, the majority holds that where a claim has as its "ultimate basis" an injury compensable under the Workmen's Compensation Act, 77 P.S. §§ 1–1601.1 (Act), the claimant is "limited to the remedies provided within the framework of the act." Maj. op. at 1288. Not only does this holding have no basis in the law, but, taken to its logical conclusion, the majority's holding will preclude a workmen's compensation claimant from bringing a malpractice action against the physician who negligently treats his or her work related injury.

*Nowhere* has the legislature stated that claims which are "ultimately based" upon a compensable injury must be raised in a workmen's compensation proceeding. The Act quite simply and specifically applies to injuries "arising in the course of ... employment and related thereto." 77 P.S. § 411(1). In *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981), this Court determined that there are two requirements for compensability of an injury under the Act: (1) the injury must arise in the course of employment, and (2) the injury must be related to the employment. The Act does *not*, therefore, apply to the economic and emotional harm suffered by a claimant due to the intentionally wrongful, obdurate, and fraudulent behavior of a workmen's compensation carrier occurring *after* the employee has been separated from his place of employment.[1]

---

**1.** Although the courts in other jurisdictions have reached conflicting results on this issue, a majority has held that claimants may bring an independent action against a workmen's compensation insurer who has wrongfully delayed or refused to make compensation payments.

The legislature, in providing various remedies for "unreasonable" delays in the payment of compensation and "unreasonable contests" of compensation claims, was not addressing the kinds of conduct alleged by appellee, George C. Kuney, herein.[2] "Unreasonable" conduct is conduct that is not rational, "not guided by reason or sound judgment." The Random House Dictionary of the English Language 2084 (2d ed. 1987) Appellee has not alleged that appellant, PMA Insurance Company, acted unreasonably or without sound judgment. Rather, appellee has alleged bad faith, misrepresentation, fraud, intentional infliction of emotional distress, and outrageous conduct arising "outside the course of [appellee's] employment." Complaint—Civil Action of Plaintiff (Appellee) at ¶¶ 24, 25, 27, 41, 42, 44. Surely, such conduct does not fall within the ambit of conduct that is merely "unreasonable."

In addition, as I stated in my dissenting opinion in *Poyser v. Newman & Company, Inc.*, 514 Pa. 32, 40, 522 A.2d 548, 552 (1987) (Larsen, J., dissenting, joined by Papadakos, J.), " 'workmen's compensation law does not address losses incurred by intentional injury by employee or employer.' [*Kline v. Arden H. Verner Co.*,] 503 Pa. [251] at 255, 469 A.2d [158] at 160 [ (1983) ]." In spite of the fact that the majority held to the contrary in *Poyser*, that case has no application herein, because the defendant (appellant) is *not* the employer. Rather, the defendant (appellant) is a third party. The injury that has been alleged is a separate matter of bad faith, misrepresentation, fraud, intentional infliction of emotional distress, and ˇoutrageous conduct between the insurance carrier and the claimant, *not the employer*. As appellee has alleged intentional wrongdoing

See cases collected at Annotation, *Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due*, 8 A.L.R. 4th 902.

2. 77 P.S. § 717.1 provides for interest to be paid on due and unpaid compensation. 77 P.S. § 991 provides for the assessment of additional interest where employers and insurers have caused "unreasonable or excessive delays." 77 P.S. § 996 provides for the payment of a claimant's legal fees where there is no reasonable basis for an insurer's contest of liability.

on the part of appellant, the employer's compensation insurance carrier, I would find that he is not precluded from maintaining an action in trespass for the separate injury he has incurred.

Accordingly, I would affirm the order of the Superior Court, reversing the grant of appellant's preliminary objections and remanding for further proceedings.

PAPADAKOS, J., joins this dissenting opinion.