## Switzer v. Crawford Risk Management

*Lloyd E. Wilson,* for plaintiff.

*Robert W. Lackey,* for defendant Crawford Risk Management Services.

*Terrence F. McVerry,* for defendant Northwest Orthopedic Associates P.C. and William McWhirter M.D.

FORNELLI, *J.,* January 30, 1991—This is an action by the recipient of a knee joint replacement against the surgeon who performed the replacement, the medical facility at which the surgery was per-

formed and the workmen's compensation insurance carrier for plaintiff's employer. By his amended complaint,[1] plaintiff claims battery by the surgeon's alleged failure to obtain informed consent for the operation (count I); misrepresentation by the workmen's compensation insurance carrier (count II); breach of warranty by the surgeon (count III), the workmen's compensation insurance carrier (count IV), and the medical facility on the basis of an alleged agency relationship between the surgeon and the facility (count V); and otherwise (count VI).

Presently before the court are defendant Crawford Risk Management Services' preliminary objections to plaintiff's amended complaint[2] which, for the reasons set forth below, will be granted.

On December 7, 1981, plaintiff fell and injured his right knee during the course of his employment as a machinist by Joy Manufacturing Company. In December 1985 Dr. McWhirter, an orthopedic surgeon practicing with Northwest, recommended that Switzer have his right knee replaced with a porous, cementless prosthetic device. At about the same time, Switzer was allegedly advised by two employees of Crawford, Joy's workers' compensation insurance carrier, that Switzer's "failure to consent to

---

1. By order of May 9, 1990, plaintiff's complaint was stricken for failure to be verified as required by Pa.R.C.P. 1024. Plaintiff was granted leave to file an amended complaint, properly verified, which also addressed the defects raised by Crawford's preliminary objections to the complaint.

2. The court notes that plaintiff has also filed preliminary objections to the new matter of defendants Northwest Orthopedic Associates, P.C., and William McWhirter, M.D. Plaintiff's objections were filed after Crawford's objections were scheduled for argument and were not brought before the court for consideration prior to the filing of amended new matter pursuant to Pa.R.C.P. 1028(c) by defendants Northwest and McWhirter. All of the paragraphs to which plaintiff objected were amended in the amended new matter.

the orthoplasty would be considered a refusal to undergo medical treatment from workmen's compensation which plaintiff was receiving as a result of the injury to his leg. . ." (Plaintiff's complaint, paragraph 11.) Switzer consented to the procedure and on January 6, 1986, underwent a total orthoplasty of the right knee as recommended.

In December 1988, Switzer received deposition testimony of Karl F. Frankovitch, M.D., a physician witness for Joy and Crawford, that it was "unheard of" for the type of prosthetic knee joint implanted in Switzer's knee to last more than 30 years, even in an individual leading a sedentary lifestyle. Dr. Frankovitch also described an alternative treatment, knee fusion, which was available to Switzer. In February 1989, Switzer obtained a copy of a disposition containing Dr. McWhirter's testimony that the device implanted in Switzer's right knee was an experimental device not approved by the FDA.

Switzer now alleges damages on the basis that he can reasonably expect to be required to undergo future surgery to replace the prosthetic joint implanted in his right knee—a prospect of which he claims he was never apprised.

Crawford demurs to count II of the amended complaint for failure to allege material facts which establish the essential elements of fraudulent misrepresentation. Crawford also demurs to count IV on the basis that Crawford was not a manufacturer, seller or distributor of the prosthetic knee joint or any other product, Crawford had no contractual relationship with Switzer, and the complaint fails to allege any damage proximately caused by Crawford's alleged misrepresentations made to Switzer. Further, Crawford asserts the exclusivity of remedy

provisions of the Workmen's Compensation Act as a bar to these claims.

In the alternative to its demurrers, Crawford objects in the nature of motions for a more specific pleading of counts II and IV. Crawford thereby seeks a specific enumeration of Switzer's alleged damages from having undergone the surgery and the breaches of warranty as well as material facts establishing the manner in which it allegedly made express warranties or the circumstances giving rise to implied warranties to plaintiff. Crawford also seeks allegations of material fact showing Crawford's alleged breach of such express or implied warranties.

The test for sustaining a demurrer to a complaint is whether, on its face, the complaint presents claims for which the law will not permit recovery. *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976); *Mull v. Kerstetter,* 373 Pa. Super. 228, 229, 540 A.2d 951, 951 (1988).

The Pennsylvania Supreme Court recently considered "whether an employer's immunity from tort actions, guaranteed by the Pennsylvania Workmen's Compensation Act . . . protects its insurance carrier if the insurer is alleged to have engaged in fraud and deceit to deprive an injured employee of his workers' compensation benefits." *Kuney v. PMA Insurance Co.,* 525 Pa. 171, 578 A.2d 1285 (1990). The Supreme Court in *Kuney* determined: "An employer's liability for work-related injuries is governed solely by the Workmen's Compensation Act, and the same is true of a compensation insurance carrier" (construing 77 P.S. §501). It was further determined that "[w]hen the allegations of a claim have as their ultimate basis an injury compensable under the Workmen's Compensation Act, the claim must be considered within the framework of the statute." Thus, the *Kuney* court held: "The

exclusivity provisions of the workers' compensation law prohibit a tort action against the insurance carrier for damages caused by the insurer's allegedly intentional mishandling of the injured employee's compensation claim.''

Accordingly, under *Kuney,* since the law does not permit Switzer to recover on his claim for misrepresentation by his employer's workers' compensation insurance carrier, Crawford's demurrer to count II of plaintiff's amended complaint will be granted.[3]

Switzer also fails to allege a basis for his claim for breach of warranty, express or implied, by Crawford. Absent some bargained-for exchange, there is no basis for the existence of an express warranty. See e.g., *Yates v. Clifford Motors Inc.,* 283 Pa. Super. 293, 314, 423, A.2d 1262, 1273 (1980). Similarly, the existence of an implied warranty is predicated upon a contractual relationship, i.e., a sale or contract of sale. *Loch v. Confair,* 361 Pa. 158, 163, 63 A.2d 24, 26 (1949). Moreover, ''[i]n the absence of a special contract, a physician is neither a warrantor of a cure nor a guarantor of the result of his treatment.'' *Collins v. Hand,* 431 Pa. 378, 383, 246 A.2d 398, 400-1 (1968).

Switzer does not allege that Crawford manufactured, distributed or sold the prosthetic device and

---

3. Although ''immunity is an affirmative defense which should be pleaded as new matter rather than as preliminary objection[,] . . . [a] court . . . may nonetheless address an immunity issue on preliminary objections where the immunity is apparent on the face of the pleadings, or where the plaintiff has not objected to the use of preliminary objections in its answer or any other pleading.'' *E-Z Parks Inc. v. Larson,* 91 Pa. Commw. 600, 608, 498 A.2d 1364, 1369 (1985) (citing Pa.R.C.P. 1030; other citations omitted), *aff'd* 509 Pa. 496, 503 A.2d 931 (1986). In the instant case, regardless of whether the immunity of the Workmen's Compensation Act is apparent on the face of the pleadings, Switzer has not objected to its being raised by preliminary objection.

Switzer fails to allege any contractual relationship between Crawford and himself or a special contractual relationship between Dr. McWhirter and himself such as would guarantee the result of the knee replacement surgery. Moreover, on the basis of the pleadings and arguments thus far, it appears that no such allegations could be made. Thus, Switzer has failed to establish the necessary contractual basis for his claim for breach of warranty by Crawford. Accordingly, Crawford's demurrer to count IV of the amended complaint will also be granted.

The Pennsylvania Rules of Civil Procedure provide for the liberal allowance of leave to amend pleadings. Pa.R.C.P. 126 and 1033. See also, *Harley Davidson Motor Co. v. Hartman,* 296 Pa. Super. 37, 42, 442 A.2d 284, 286 (1982) ("where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend"). "But liberality of pleading does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established." *Behrend v. Yellow Cab Co.,* 441 Pa. 105, 110, 271 A.2d 241, 243 (1970). Thus, having determined that the law does not permit plaintiff to recover on his claim for misrepresentation by Crawford and that plaintiff is unable to allege a contractual basis for his claim for breach of warranty by Crawford, the demurrers to counts II and IV of plaintiff's amended complaint will be granted without leave to amend.

Hence, this

## ORDER

And now, January 30, 1991, the demurrers of defendant Crawford Risk Management Services to counts II and IV of plaintiff's complaint are granted.