## St. Joseph's Hospital Corporation v. Costello

*William F. Dunstone,* for plaintiff.
*M. Colleen Foley Canovas,* for defendant.

WALSH, *P.J.,* May 7, 1993—Before the court is the defendant's motion to dismiss this civil action based upon our alleged lack of jurisdiction. As a tribunal of general subject matter jurisdiction, this court certainly is empowered to hear the claim of plaintiff St. Joseph's Hospital Corporation, which concerns a breach of contract supposedly committed by Brian Costello, the defendant herein. Therefore, we decline to dismiss.

This court previously had occasion to rule upon a motion to dismiss this action as to two additional defendants, Cawley Brothers Van Lines, Inc. and State Workmen's Insurance Fund. At that time we learned that the underlying basis of this legal matter is the allegation that Mr. Costello was injured in the course of his employment with Cawley, a corporation whose workers' compensation carrier at the time of the injury was SWIF. The defendant maintains that this injury caused him to seek and receive medical treatment from

the plaintiff hospital, and he apparently has not yet paid for the services rendered to him. When the hospital filed suit against him, Mr. Costello filed a third-party complaint against SWIF and Cawley, claiming that they are jointly or severally liable to him or the hospital. Additionally, he filed a claim petition for workers' compensation with the Bureau of Workers' Compensation of the Department of Labor and Industry, Commonwealth of Pennsylvania.

Because Mr. Costello had averred that the fiscal responsibility for his medical bills relating to the treatment of a work-related injury fell upon his employer or the insurance carrier for his employer, a claim which related solely to injuries arising out of his employment, we ruled that his third-party complaint, which contemplated an issue within the exclusive jurisdiction of the Workers' Compensation Act,[1] had to be dismissed. It is well-settled under Pennsylvania law that said Act provides the exclusive means by which a covered employee can recover against an employer for an injury received in the course of his or her employment; further, this Act bars an action for a work-related injury by an employee against his or her employer or the employer's insurance carrier. *Kuney v. PMA Insurance Company,* 525 Pa. 171, 578 A.2d 1285 (1990).

Presently, Mr. Costello is using our decision to dismiss the third-party complaint as the basis of his motion to dismiss the hospital's complaint against him. By way of analogy, perhaps, he maintains that if his claims stemming from a work-related accident are barred by the Workers' Compensation Act and its amendments, barred as

---

1. 77 P.S. §1 et seq.

well is the hospital's claim against him, one which also is tenuously linked to the injury he allegedly suffered while working for Cawley. We see no valid legal basis, nor has one been asserted, which would support this contention. The initial complaint in this action concerns a breach of contract whereby Mr. Costello sought and received medical attention from the plaintiff, was obligated to pay for the treatment and breached his duty of payment. A claim sounding in contract concerning nonpayment for services is not an action which falls within the scope of the Pennsylvania Workers' Compensation Act.

However, the court does recognize that Mr. Costello's stated reason for his failure to pay the hospital for medical treatment is that his claim petition for workers' compensation is pending before the Bureau and no decision has yet been made as to whether he will be awarded monetary relief in that arena, relief which would be used to satisfy his acknowledged debt with the plaintiff. It was represented to the court that a decision from the Bureau may be forthcoming in the next several months, and therefore, in the interest of fairness and judicial economy, we find the most prudent course of action now is to grant a temporary, definite stay of the within action, since the method of satisfaction of the debt at issue does hinge on the outcome of his workers' compensation claim petition. Our order follows.

## ORDER

Now, May 7, 1993, this court hereby orders and decrees:

(1) The defendant's motion to dismiss is denied.

(2) A five month stay of proceedings in this action is granted, commencing with the date of this order.