**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3291
_____

AMERICAN BUILDERS INSURANCE COMPANY,

Appellant

v.

CUSTOM INSTALLATIONS CONTRACTING SERVICES, INC.
COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF
LABOR & INDUSTRY; UNINSURED EMPLOYERS GUARANTY FUND;
JAMES SCOTT,

Intervenors in District Court

_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No.: 3-15-cv-00295)
District Judge: Honorable Kim R. Gibson

_____

Argued on April 22, 2020

(Opinion filed May 29, 2020)

Before: HARDIMAN, RENDELL, and FISHER, Circuit Judges

John A. Bass, Esq.
Ira L. Podheiser, Esq.
Ralph M. Monico, Esq. **(Argued)**
Burns White
48 26th Street

Burns White Center
Pittsburgh, PA 15222

       Counsel for Appellant


Martin A. Dietz, Esq.  Suite 505
304 Ross Street
Pittsburgh, PA 15219

       Counsel for Appellee

Bruce P. Merenstein, Esq.  **(Argued)**
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103

       Counsel for Intervenor Appellee Uninsured Employers Guaranty Fund

Matthew S. Faher, Esq.  **(Argued)**
Rudberg Law Offices
2107 Sidney Street
Pittsburgh, PA 15203

       Counsel for Intervenor Appellee James Scott

**RENDELL**, <u>Circuit Judge</u>.

American Builders Insurance Company ("American Builders") appeals the District Court's dismissal of its lawsuit against its policyholder, Custom Installations Contracting Services, Inc. ("Custom"). We will affirm the District Court's judgment.[1]

In July 2015, American Builders issued a workers' compensation insurance policy to Custom.[2] **A. 23, 66.** American Builders alleges that during the policy application process, Custom falsely represented that it did not perform roofing work. **A. 23, 66-74.** Several months later, during the policy period, a Custom employee, James Scott, Jr., was injured on the job and subsequently made a claim for workers' compensation benefits, which initiated a proceeding before the Pennsylvania Bureau of Workers' Compensation. **A. 24, 74.** American Builders accepted responsibility for Scott's workers' compensation claim by issuing a Notice of Compensation Payable to Mr. Scott. **Appellants' Br. at 3.** American Builders continues to pay Mr. Scott and his medical providers under the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction because a "federal court always has jurisdiction to determine its jurisdiction." *Orie v. Dist. Att'y Allegheny Cty.*, 946 F.3d 187, 190 n.7 (3d Cir. 2019) (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)). We have jurisdiction over this appeal from a final order of the District Court under 28 U.S.C. § 1291.

[2] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

insurance policy it issued to Custom and states that, at the time of this appeal, it has paid out more than $2,500,000 in wage benefits and compensation for medical care to Mr. Scott and his medical providers. **Appellants' Br. at 4.**

While the workers' compensation proceeding was pending, American Builders filed this lawsuit against Custom. **A. 22-23.** In a two-count complaint, American Builders alleged that Mr. Scott's injury occurred while he was performing roofing work, despite Custom's representations that it did not do any such work. **A. 23, 66-79.** American Builders sought a declaration that, among other things, "the false and inaccurate facts provided by Custom during the [a]pplication process induced American [Builders] to sell and issue the Policy to Custom," that "American [Builders] is entitled to rescind the Policy based on . . . mutual mistakes of fact," that "the Policy is hereby RESCINDED and rendered VOID *AB INITIO*," and that "American [Builders] has no legal or contractual obligation to Custom or its employees, including [Mr.] Scott, under the rescinded Policy, or under any theory of law or equity." App. 76. American Builders also included a cause of action for insurance fraud. **A. 23, 75-79.** American Builders eventually moved for summary judgment on its declaratory judgment claim. **A. 23.** Custom did not oppose the motion, and the District Court accordingly granted summary judgment to American Builders. **A. 45, 46, 49.**

American Builders then filed several petitions in Mr. Scott's workers' compensation proceeding. **A.24, Appellant's Br. at 6.** American Builders sought to terminate its obligations to pay Mr. Scott wage benefits or make payments to his medical providers, or, in the alternative, asked for a review of Mr. Scott's workers' compensation

4

benefits.  **A.24, Appellant's Br. at 6.**  The other parties to Mr. Scott's workers' compensation proceeding opposed the petitions in various ways, and the administrative law judge issued a temporary stay.  **A. 24, Appellant's Br. at 6.**

American Builders then returned to federal court and filed a motion for temporary restraining order and preliminary injunction in this case asking the District Court to enjoin all parties involved in Mr. Scott's workers' compensation case, including Mr. Scott and Mr. Scott's medical provider, UPMC Mercy, from attempting to circumvent enforcement of the Court's summary judgment order granting rescission of the insurance policy.  **A. 25.**  In response, the District Court issued an order requesting briefing on whether American Builders' lawsuit was appropriately before the District Court.  **A. 25.**  American Builders, Mr. Scott, UPMC Mercy, the Pennsylvania Department of Labor & Industry, and the Pennsylvania Uninsured Employers Guaranty Fund submitted briefs and other materials in response to this order.[3]  **A. 25-26.**  American Builders then conceded that its motion for temporary restraining order and preliminary injunction was moot and filed a motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).  **A. 27.**

The District Court dismissed and vacated its order granting summary judgment to American Builders.  App. 48.  It ruled that "American Builders' rescission claim must be pursued before the [Pennsylvania Bureau of Workers' Compensation] and the ALJ."

---

[3] Mr. Scott, the Pennsylvania Department of Labor & Industry, and the Pennsylvania Uninsured Employers Guaranty Fund have also intervened in this appeal and filed briefs in opposition to American Builders' opening brief.

App. 55. The District Court reasoned that if the Pennsylvania workers' compensation system allows "workers' compensation insurance companies [to] receive the benefit of being shielded from separate bad faith lawsuits," American Builders, a workers' compensation insurance company, "also cannot file separate lawsuits for related insurance claims" like the declaratory judgment and fraud claims at issue in this case. App. 57.

In reaching this conclusion, the District Court relied on our decision in *Winterberg v. Transportation Insurance Company*, in which we held that the exclusivity provision of the Pennsylvania Workers' Compensation Act, 77 Pa. Cons. Stat. § 481(a), barred an injured worker's insurance bad faith and other common law and statutory claims against her employer's workers' compensation insurance provider. 72 F.3d 318, 320-21 (3d Cir. 1995). The District Court highlighted our statement in *Winterberg* that "[b]ecause of the historical background for Pennsylvania's [workers'] compensation system, courts have been very cautious about permitting common law litigation in matters arguably connected with work-related injuries." *Id.* at 322 (citing *Kuney v. PMA Ins. Co.*, 578 A.2d 1285, 1286 (Pa. 1990)), in which the Supreme Court of Pennsylvania disallowed an employee's tort action against his employer's insurer for defrauding the employee of his workers' compensation benefits). American Builders then timely appealed the District Court's dismissal of its lawsuit.

We agree with the District Court's reasoning and disposition of this case.[4]  We continue to approve of our observation in *Winterberg*, quoted by the District Court, that courts "have been very cautious about permitting common law litigation in matters arguably connected with work-related injuries."  *Id.* at 322.  We are also mindful of the Supreme Court of Pennsylvania's admonitions in *Kuney* that the Pennsylvania workers' compensation statute was "designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter," 578 A.2d at 1287 (quoting *American Cas. Co. of Reading v. Kligerman*, 74 A.2d 169, 172 (Pa. 1950)), and that "[w]hen the allegations of a claim have as their ultimate basis an injury compensable under the [Workers'] Compensation Act, the claim must be considered within the framework of the statute," *id*.  Accordingly, we will affirm the District Court's judgment.

---

[4] The parties dispute the standard of review.  We do not rule on this question because we reach the same result whether we review *de novo*, *see, e.g.*, *United States v. Dohou*, 948 F.3d 621, 623 (3d Cir. 2020) ("We review the District Court's jurisdictional holding de novo.") (citing *United States v. Charleswell*, 456 F.3d 347, 351 (3d Cir. 2006)), or for abuse of discretion, *see Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 137-38 (3d Cir. 2014) (reviewing district court decision to decline jurisdiction over a declaratory judgment claim for abuse of discretion).