# Davies, Appellant, *v.* Nationwide Insurance Company.

Argued January 6, 1965.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Stanley M. Poplow,* for appellant.

*Bernard J. Avellino,* with him *Charles L. Ford* and *Max E. Cohen,* for appellees.

Opinion by Mr. Justice Jones, May 25, 1965:

Sophie Davies (Mrs. Davies) has appealed from an order of the Court of Common Pleas No. 1 of Philadelphia County which sustained Nationwide Insurance Company's (Nationwide) preliminary objections and dismissed her complaint in trespass.[1]

The factual background of this litigation is lengthy and complex. It begins on April 5, 1953, when an automobile driven by Albert V. Davies (Davies), in which Mrs. Davies was a passenger, collided with a car being driven by Wiley B. Dotson (Dotson), in which Dotson's wife was a passenger. As a result of the collision, Davies was killed and Dotson's wife and Mrs. Davies sustained personal injuries. At the time of the accident, Nationwide insured Davies against "personal injury claims" under a "family automobile policy" issued to him.

Dotson and his wife instituted suit against Davies' estate. Max E. Cohen, Esquire, Nationwide's attor-

---

[1] Originally there were three suits filed against Nationwide and its attorney, Max E. Cohen, Esquire, stemming from the same factual background. The two actions against Max E. Cohen personally have been discontinued because of his death.

ney, entered his appearance on behalf of the estate. At approximately the same time, Mrs. Davies brought suit against Dotson[2] who subsequently joined Davies' estate as additional defendant. The Dotson suit was settled and Davies' estate was released of all liability and was removed as an additional defendant in Mrs. Davies' action. Mrs. Davies subsequently settled her suit with Dotson. All these activities occurred prior to March 1956.

In May 1961, Mrs. Davies instituted a trespass action against her husband's estate to recover damages for her injuries sustained in the April 1953 accident. Nationwide disclaimed any responsibility under the policy and a judgment in the amount of $11,149.80 was entered against Davies' estate. There being no funds in the estate, Mrs. Davies then instituted garnishee proceedings against Nationwide, which proceedings are still pending.[3]

On July 10, 1963, Mrs. Davies filed a trespass action against Nationwide alleging that Nationwide had: (1) breached its obligations to Mrs. Davies as a beneficiary under its "family policy"; (2) failed to recommend the institution of suit against Davies' estate in 1954, and, had such suit been commenced, she would have been able to collect the full measure of the damages she sustained in the accident; (3) failed to exercise the duty it owed Mrs. Davies to see that her rights did not suffer through its inattention, misrepresentation or equivocation; (4) prejudiced her rights by obtaining a general release on behalf of Davies' estate in the action by Dotson. In this action, Mrs. Davies also claims punitive damages, alleging that Na-

---

[2] Mrs. Davies was represented by her own counsel, who, it is now alleged, associated Max E. Cohen, with himself, thus putting Cohen in the position of representing both sides of the controversy when the estate was joined.

[3] See: *Davies v. Davies*, 412 Pa. 47, 192 A. 2d 716.

tionwide's actions were wilful and malicious. Nationwide filed preliminary objections in the nature of a demurrer to the complaint, and the court below sustained the preliminary object'ons and dismissed the complaint. This appeal was then taken.

It is fundamental that liability in tort cannot be predicated upon a factual matrix which does not impose any legal duty on the defendant. In the instant case, Mrs. Davies seeks to create liability by assertions in her complaint that she was a "beneficiary" under a "family policy" and that Nationwide owed certain duties to her. Aside from these statements, there is no indication in the present record that Nationwide's obligation under the policy in question was anything other than to defend claims asserted against the insured.[4] We cannot read into these pleadings any duty which Nationwide allegedly assumed with respect to Mrs. Davies' claim for damages[5] in the absence of anything of record to show Nationwide had such duty.

Even if we were to assume the existence of a duty—which the record clearly does not reveal—on the part of Nationwide to assert on behalf of Mrs. Davies her own claim for personal injuries, wherein under the instant factual situation has such duty been violated? It is the theory of the complaint that Max Cohen, as the alleged agent of Nationwide, should have advised the institution of a trespass action by Mrs. Davies against the estate of her deceased husband. However, at that time the lower courts of this Commonwealth were di-

---

[4] While the statement of facts in *Davies v. Davies*, supra, would suggest the contrary, there is nothing in the present record showing the extent, if any, of Nationwic'e's contractual obligation to Mrs. Davies.

[5] Pa. R.C.P. 1019 (h) provides that where a claim is based upon a writing, "the pleader shall attach a copy of the writing" or if it is unavailable, the substance of the writing should be set forth. The instant record contains neither.

vided on the propriety of such an action and it was not until 1958—*five years after the accident*—that this Court in *Johnson v. Peoples First National Bank & Trust Company,* 394 Pa. 116, 145 A. 2d 716, for the first time on an appellate level, recognized the propriety of the enforcement of a cause of action in tort by a surviving spouse against the estate of his or her deceased spouse. Under such circumstances, the failure of Nationwide or its alleged agent, Mr. Cohen, to advise the institution of a trespass action by Mrs. Davies against the estate of her deceased husband cannot be considered a violation of any duty on the part of Nationwide. To hold otherwise would be to require powers of clairvoyance on the part of an insurance carrier and its counsel.

Mrs. Davies has failed to set forth a cause of action and the court below properly sustained a demurrer to her complaint against Nationwide.

Order affirmed.