## Davies, Appellant, *v.* Nationwide Mutual Insurance Company.

Argued January 11, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Fred Lowenschuss*, with him *Snyder & Lowenschuss*, for appellant.

*Michael Shekmar*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 22, 1966:

The Nationwide Insurance Company is the garnishee in an action brought by Sophie Davies against the Estate of Albert V. Davies, deceased, the garnishee's assured. The jury which heard the case returned a verdict in favor of Sophie Davies and against the garnishee, which moved for judgment n.o.v. and a new trial. The trial court refused judgment n.o.v. but ordered a new trial, and Davies appealed.

It is unnecessary to relate the long history of this litigation. It is enough to state that Sophie Davies, because of injuries sustained while a passenger in an automobile being driven by her husband, Albert V. Davies, who was killed in the accident, sued the estate of her deceased husband, her son, Albert T. Davies being the administrator. Nationwide refused to defend

in that action because the administrator of the estate had declined to swear to an answer containing new matter in which Nationwide raised the statute of limitations and stated that the delay in filing the action was due to the fault of Mrs. Davies, who, as above stated, was the administrator's mother. Mrs. Davies obtained judgment by default, damages being assessed at $11,149.80. When the writ of execution was served on Nationwide as garnishee, it filed an answer, again raising the defense of statute of limitations, asking for judgment on the pleadings and filing preliminary objections to additional interrogatories which had been advanced by the plaintiff seeking certain facts and information regarding developments following the accident. The court sustained the preliminary objections of the garnishee and entered judgment on the pleadings in its favor. We reversed at 412 Pa. 47, 51, stating: "If, because of all the legal procedures herein recited, Mrs. Sophie Davies was misled and misdirected in the matter of filing her suit against the estate of her husband, the defendant-administrator was warranted in refusing to swear to an assertion which he believed to be untrue." We remanded the record for action not inconsistent with our opinion.

A jury trial followed, the prime issue of fact being, as stated by the lower court "whether Albert T. Davies was justified in refusing to sign the verification and whether such refusal was prejudicial to the garnishee." The jury returned a verdict in favor of the plaintiff, but the trial court ordered a new trial because of a decision, postdating that trial, *Davies v. Nationwide Insurance Company*, 418 Pa. 203. The *Davies v. Nationwide* case involved a trespass suit by Mrs. Davies against Nationwide for negligence in the protection of her rights. In that action, this Court held under the law as it then existed, that "the failure of Nationwide or its alleged agent, Mr. Cohen, to advise the insti-

tution of a trespass action by Mrs. Davies against the estate of her deceased husband cannot be considered a violation of any duty on the part of Nationwide. To hold otherwise would be to require powers of clairvoyance on the part of an insurance carrier and its counsel." The lower court in the present case before us believed that that decision required a new trial in the garnishment proceeding, explaining: "What we are saying in simple language is that the entire tenor and posture of the case revolved around the action of Mr. Cohen in failing to sue the estate of Mr. Davies while in effect he was acting as the agent of Nationwide. If the Supreme Court's decision in Davies v. Nationwide Insurance Company, supra, had been handed down prior to the trial of this case, it is obvious that this key issue could not have been presented to the jury for in that case the Supreme Court said Nationwide had no such obligation to institute suit on behalf of Mr. Davies and it necessarily follows that its agent and attorney, Mr. Cohen had likewise no such obligation. As we have indicated, the testimony of Mr. Cohen involving his conduct and his agency status to Nationwide had a very substantial bearing on the trial. Mr. Cohen is now deceased. The Supreme Court has decided belatedly that this issue was not for the jury's consideration."

The court below, however, overlooked that our decision in the trespass action against Nationwide was based solely on the pleadings and its contents then before us: "While the statement of facts in Davies v. Davies, supra, would suggest the contrary, there is nothing in the present record showing the extent, if any, of Nationwide's contractual obligation to Mrs. Davies."

The record of the trial now before us for review reveals evidence of a conflict of interests on the part of Max E. Cohen, Esquire, and Nationwide, this conflict

resulting to the prejudice of Mrs. Davies. However, even more important than that is the fact that the issues in the present appeal are not the same as those which were involved in the trespass case. In these garnishment proceedings, the question as to whether or not Nationwide had a duty with regard to Mrs. Davies is immaterial; the question is whether or not there was a failure of cooperation on the part of the administrator which absolved Nationwide from liability on the policy. The actions of Max E. Cohen, Esquire, and Nationwide became relevant testimony for the purpose of showing the circumstances surrounding the administrator's refusal to swear to an answer which averred that his mother was solely responsible for the delay in filing the action against the administrator. This evidence was important in that it cast light on the question as to whether the son-administrator acted arbitrarily in refusing to swear to the answer. This evidence as finally developed was relevant and competent and more than substantial in proving that any prejudice suffered by Nationwide was the result of its own doing and was not the consequence of any lack of cooperation on the part of its insured or his representatives. Moreover, as stated in our decision, at 412 Pa. 47, the administrator's refusal to sign the affidavit did not present a bar to Nationwide's continued defense, because the statute of limitations defense could have been raised without attempting to blame the delay on the plaintiff (which was the only allegation the administrator objected to). In addition, the affidavit could have been signed by some one other than the administrator, so long as he was acquainted with the facts. And then, as a third string to its bow, Nationwide as garnishee could have had the administrator removed if it believed he was not acting properly.

Thus, we find no prejudicial error in this last trial which would necessitate a new venire. The evidence

-drawn from Max E. Cohen, Esquire, as agent of Nationwide, was not elicited for the purpose of proving a breach of duty to protect the plaintiff, but for the purpose of explaining why the administrator could not truthfully take an oath to an allegation that his mother, Mrs. Davies, was exclusively the one at fault for the delay in filing the original trespass action. There was, in addition, the purpose of proving that there was no such lack of cooperation on the part of the administrator as would relieve the liability of the garnishee in the duty owed to the insured and his estate under the policy.

Reversed with order that judgment be entered on the verdict.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES and Mr. Justice EAGEN dissent and would affirm.