## Davies v. Davies

*Michael Shekmar*, for petitioner.

*Arnold Machles, Fred Lowenschuss* and *Snyder & Lowenschuss*, for respondent.

BARBIERI, J., May 19, 1966.—The present case comes before the court on a petition by Nationwide Insurance Company filed in an effort to have a judgment which had been entered against it on attachment execution proceedings marked "satisfied" upon payment by petitioner of one half thereof, in accordance with the terms of a joint tortfeasor's release. Without going into all of the details of the case, many of which will be found in the three appeals to the Supreme Court, Davies v. Davies, 412 Pa. 47, Davies v. Nationwide Mutual Insurance Company, 420 Pa. 446, and the companion case, Davies v. Nationwide Insurance Company, 418 Pa. 203, we note that the final action, and the most recent notation in the extensive docket entries in this case, entered following the last appeal to the Supreme Court, appears as follows: "ORDER REVERSED WITH ORDER THAT JUDGMENT BE ENTERED ON THE VERDICT".

It is obvious that the relief which is requested herein by garnishee-petitioner cannot be obtained in the manner in which it is sought. Petitioner refers to the joint tortfeasor's release agreement, wherein plaintiff in this case agreed to completely release Wiley B. Dotson and his insurance carrier, and also agreed to release any other tortfeasor found to be jointly liable, "to the extent of the relative pro rata share of common liability of the Payers herein released". Petitioner's counsel seeks to establish the alleged joint liability by the mere taking of depositions. There can be no question that joint liability of an additional defendant cannot be established in this way, but only by formal proceedings to bring Dotson on the record; for, at the very least, Dotson is entitled to a jury trial on such an issue as joint liability. Thus, depositions would be ineffective

to accomplish anything on the issue sought to be determined. That Dotson could be brought in for the purpose of deciding whether or not there is joint liability, despite the release in his favor, is unquestionable: Davis v. Miller, 385 Pa. 348. Indeed, even the exoneration to which Dotson is entitled by virtue of the release in his favor does not prevent the further adjudication of this issue. See Burchard v. Seber, 417 Pa. 431, 438.

The only question remaining, therefore, is whether or not Dotson may still be brought in at this late date, since an added defendant normally may be brought on the record only by action taken under Pennsylvania Rule of Civil Procedure 2253 by the original defendant within 60 days after such original defendant becomes a party, except through the exercise of judicial discretion.

It is possible, however, that the pendency of the litigation herein may have tolled the time limitation in the rule, if defendant has not permitted an effective hiatus in the litigation of more than 60 days at any time since the original complaint was filed. It may be that, on a proper petition, a court could see fit to exercise its discretion in favor of defendant, whose reasons for failing to act more expeditiously could hardly be termed capricious in the light of the Supreme Court's sharply divided opinion: 412 Pa. 47, supra. Of course, we do not rule on this point; nor do we wish to have our statements herein construed as in any way suggesting the validity of any proceedings under rule 2253 at this time, since we now rule, and rule only, that the procedural relief in the form in which it is requested by petitioner must be denied.

## ORDER

And now, May 19, 1966, the petition of Nationwide Insurance Company, garnishee, is dismissed, and the motion for protective order filed on behalf of Sophie Davies is granted.