Juanita FRY, Appellant,

v.

ATLANTIC STATES INSURANCE COM-
PANY, Donegal Mutual Insurance Com-
pany, and Fish Net, Inc., T/A That Fish
Place, Appellees.

Superior Court of Pennsylvania.

Argued June 19, 1997.

Filed Aug. 27, 1997.

James A. Nettleton, Jr., Lancaster, for appellant.

John C. Hohenadel, Lancaster, for appellees.

Before McEWEN, President Judge, CAVANAUGH, J., and MONTEMURO *, Judge.

MONTEMURO, Senior Judge.

This is an appeal from an order sustaining Appellees' preliminary objections and dismissing Appellant's complaint in a matter involving the exclusivity provision of the Workers Compensation Act ("WCA"), 77 Pa.S. § 481(a) [1].

Appellant, an employee of Fish Net, Inc. t/a That Fish Place, injured her back in March of 1994 when a chair on which she was seated collapsed, and began receiving workers compensation benefits. In November, after treating with her employer's physician, among others, without alleviation of her symptoms, lumbar disc surgery was recommended. However, because Appellee insurers refused to authorize the operation until Appellant had submitted to examination by their physician, which did not occur until February of 1995, the surgery was not performed until April of 1995.

Appellant brought suit in August of 1996, alleging that she was unable to recover fully, having suffered permanent nerve damage as a result of the delay in the surgery. The complaint asserted bad faith as to each of the Appellees for allegedly excessive delay in permitting her to undergo the recommended surgery, and sought punitive damages. Appellees responded with preliminary objections in the nature of a demurrer, contending that Appellant's remedies were limited to those recoverable under the WCA, and that her suit was barred by the Act's exclusivity provision. The trial court agreed, and this appeal followed, raising the sole issue of whether our Supreme Court's decision in *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 606 A.2d 444 (1992), permits recovery under the circumstances of this case. For the reasons which follow, we affirm.

We first note that

[i]n an appeal from an order sustaining preliminary objections in the nature of a demurrer, the appellate court applies the same standard employed by the trial court; all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Santiago v. Pennsylvania National Mutual Casualty Insurance Co.*, 418 Pa.Super. 178, 184, 613 A.2d 1235, 1238 (1992) (citations omitted).

Appellant's argument is predicated on the notion that the Court in *Martin, supra,* created an exception to the exclusivity clause of the WCA permitting redress "for injuries incurred by an employee where intentional acts on the part of the employer caused a delay in medical care which aggravated a work related injury." (Appellant's Brief at 6). The corollary to this premise is that because the exclusivity clause does not apply, Appellant is entitled to recover under the

---

* Retired Justice assigned to Superior Court.

1. Section 481(a) of the Workers Compensation Act reads in pertinent part as follows:

The liability of a employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damage in any action at law or otherwise on account of injury or death ... or occupational disease ...

77 Pa.S. § 481(a)(footnote omitted). This protection is afforded to workers compensation insurers through § 501(a)(1).

provisions of "the bad faith act," 42 Pa.C.S. § 8371,[2] which allows for the award of damages, and, especially punitive damages, in an action arising from a insurance policy against an insurer which has acted in bad faith against the insured.

In *Martin,* the employer withheld and deliberately falsified the results of certain federally mandated blood tests to conceal from the plaintiff his lead toxicity levels. *Martin,* 530 Pa. at 13–14, 606 A.2d at 445–46. The delay in discovery caused by the employer's conduct exacerbated the plaintiff's condition far beyond what it would have been with prompt treatment. *Id.* at 14, 606 A.2d at 446. Martin sued on grounds of fraudulent misrepresentation, and the Supreme Court ruled that the Pennsylvania legislature "could not have intended to insulate employers from liability for the type of flagrant misconduct at issue herein by limiting liability to coverage provided by the Workman's Compensation Act." *Id.* at 17–18, 606 A.2d at 448.

Appellant argues that the only distinctions to be drawn between her own case and *Martin* are that the primary defendant here is the employer's insurance carrier rather than the employer, and that she has alleged no fraudulent misrepresentation. While the first of these is indeed no distinction at all, the second represents a critical difference; the Court observed of Martin that he was not seeking damages for the work-related condition itself, which would be covered under the Act, but rather for "fraudulent misrepresentation on the part of his employer as causing the delay which aggravated a work-related injury." *Id.* at 17, 606 A.2d at 447.

This Court has, on several occasions, interpreted *Martin* to stand for the proposition that only suits for deliberate conduct, specifically fraudulent misrepresentation, which aggravates a work-related condition are permitted prior to or in lieu of the adjudication of such conduct under the provisions of the WCA. *See Hammerstein v. Lindsay,* 440 Pa.Super. 350, 359 n. 5, 655 A.2d 597, 602 n. 5 (1995)("The holding of *Martin* is limited to situations where the employer has engaged in fraudulent misrepresentation."); *Grant v. GAF Corp.,* 415 Pa.Super. 137, 155, 608 A.2d 1047, 1056 (1992)("[W]here an employee alleges fraudulent misconduct on the part of an employer which causes aggravation of a work-related injury, the employee is not barred from pursuing a common law claim against the employer"). In *Santiago v. Pennsylvania National Mutual Casualty Insurance Co., supra,* we found that *Martin* is germane where the employer has "concealed, altered or intentionally misrepresented information related to the work-related injury which results in [its] aggravation." *Santiago,* 418 Pa.Super. at 190, 613 A.2d at 1241. As Appellant freely concedes, no fraudulent conduct occurred or is alleged here, and thus provided no catalyst for the alleged aggravation of her injury; thus, although she attempts to dismiss the relevance of *Santiago* on the basis that it involved no claim that "prompt and reasonable medical care" was denied, (Appellant's Brief at 8), that case, like her own, is bottomed on the improper handling of a claim of work-related injury, a circumstance for which the WCA makes provision.

Our narrow reading of *Martin* requiring that both fraud and delay leading to exacerbation of the injury be present to remove a claim from the WCA comports with the Supreme Court's ruling in *Kuney v. PMA Insurance Co.,* 525 Pa. 171, 578 A.2d 1285 (1990). There the court granted immunity from tort action even where the workers compensation insurance carrier engaged in fraud and deceit to deprive an injured claimant of his benefits, holding that the WCA provisions and recovery schema applied because "permitting a tort action would be inconsistent with the fact that the compensation statute provides a comprehensive system

2. § 8371. Actions on insurance policies
In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
(2) Award punitive damages against the insurer.
(3) Assess court costs and attorney fees against the insurer.

for adjudicating workers' compensation disputes, including specific remedies for the alleged injury," that is, fraudulent denial of the claim. *Id.* at 175, 578 A.2d at 1286–87. *Martin* supplies relief only where the Act is silent, that is, where there has been aggravation of a work-related injury and fraud precipitating it; separately, either may be remedied under the Act. *Martin* is thus not dispositive of Appellant's case. *See also Poyser v. Newman & Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987)(finding common law action against an employer to recover damages for an intentional tort barred by exclusivity provision of the WCA); *but c.f., McGinn v. Valloti,* 363 Pa.Super. 88, 525 A.2d 732 (1987), *allocatur denied,* 517 Pa. 618, 538 A.2d 500 (1988)(permitting action for fraudulent misrepresentation where threat by employer's physician to claimant of termination if she sought outside medical care resulted in a deterioration of work-related injury).

■ Accordingly, the "good faith" legislation does not apply, and would not even if our conclusion as to Appellant's major premise were different. As the language of § 8371 makes clear, the statute controls to actions brought against an insurer by an insured *under the terms of a policy.* The proposed conjunction of the WCA with the good faith act has been explored by the Third Circuit in *Winterberg v. Transportation Insurance Co.,* 72 F.3d 318 (3rd Cir.1995). While its decisions are not controlling in this Court, its conclusions are nevertheless illuminating. The circuit court found that "[a] workmen's compensation claim is not 'based on an insurance policy' within the meaning of § 8371. The claim is statutory and has its genesis in the contract of hire between the employer and employee, 77 Pa.S. § 431, not an insur-

ance contract. The employer's obligation to pay for a compensable injury is not predicated upon an insurance policy." *Id.* at 325 n. 4. We would add, moreover, that the section requires the insurer to have acted in bad faith toward the *insured,* that is, if anybody, the employer not the employee.[3]

The *Winterberg* court observed that application of the rules of statutory construction[4] to determine whether the WCA exclusivity clause and the good faith act can be harmonized (an exercise, incidentally, in which Appellant here does not engage), results in the conclusion that the two statutes are "logically and pragmatically irreconcilable." *Winterberg,* 72 F.3d at 324. The court ruled that the focus of the good faith act was fundamentally different from and not intended to supersede the WCA, and in giving primacy to the WCA, cogently reasoned that

> [a]llowing a bad faith action to proceed in the courts would fundamentally change the statutory scheme of Pennsylvania's workmen's compensation laws. It carves out an exception which may swallow the rule. As the law now stands, employees receive benefits without having to prove fault on the part of the employer. Plaintiff would expand a no-fault system into one which would obligate employers to compensate employees for injuries under the workmen's compensation law and also subject employers to tort suits at common law if they act with fault. Such a holding turns the legislative program of Pennsylvania's workmen's compensation on its head. The legislature would need to be very specific about such an intent[.]

*Id.* at 325.

We see no reason to disagree. The essence of the problem presented by this case,

---

3. Appellant's Complaint makes no mention of a policy of insurance, much less one through which she is the insured. Rather, she asserts a violation of § 8541(sic)(relating to governmental immunity). Presumably § 8371 is intended; it is nevertheless questionable whether this reference to the statutory section is sufficient to raise the good faith act even were it applicable here. *See* Pa.R.C.P. 1019(h)(requiring a specific statement as to whether a claim is based upon a writing). *See also Davies v. Nationwide Insurance Co.,* 418 Pa. 203, 210 A.2d 292 (1965).

4. **1 Pa.C.S. § 1933. Particular controls general**

Whenever a general provision of a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that the general provision shall prevail.

by *Santiago*, by *Winterberg* and by *Kuney*, as has already been noted, is the mishandling of an otherwise valid claim of work-related injury which results in adverse medical repercussions. While the circumstances in each of these cases may reflect a uniquely deplorable callousness on the part of insurers or employers in responding to injured claimants, the cases themselves nevertheless display a common base, one which the provisions of the WCA are broad enough to encompass. Indeed, their breadth argues that such conduct was legislatively anticipated. The essential patterns in these cases are, however, substantively different from the "flagrant misconduct" of the employer in *Martin* and *McGinn, supra,* who "*actively* misle[ ]d employees already suffering as the victims of workplace hazards, thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care." *Martin,* 530 Pa. at 18, 606 A.2d at 448. Appellant here knew of her injury and received medical care, both initially and later on. If the manner in which Appellees handled Appellant's later care indeed constitutes a tortious act, it was one so intertwined with her original injury as to be inseparable from it. As such, redress is available to her only under the provisions of the WCA.

Order affirmed.

McEWEN, President Judge, files a concurring statement.

McEWEN, President Judge, concurring.

While the perceptive analysis presented by the author of the majority view, and the state of the law, compel me to join in the decision to affirm the order of the distinguished Judge Michael A. Georgelis, which concluded that the suit of appellant was barred by the exclusivity provisions of the Workmen's Compensation Act, I am, nonetheless, compelled to this expression.

Appellant asserts that an accident occurred at her place of employment on March 21, 1994. This assertion is undisputed. Appellant asserts that she suffered a work-related injury in this accident. This assertion is undisputed. Appellant asserts that she required frequent medical treatment, including the attention of the physician for her employer. This assertion is undisputed. Appellant asserts that approximately eight months after she commenced treatment, an orthopedic surgeon, in November, 1994, recommended that she undergo the surgical procedure of lumbar disc surgery. This assertion is undisputed. Appellant asserts that she expeditiously sought the approval for this surgery from the workmen's compensation carrier for her employer. This assertion is undisputed. The carrier proceeded to the conclusion that the recommended surgery should be performed, but did so only after a lapse of four months. This assertion is undisputed. The surgical procedure was performed on April 15, 1995. This assertion is undisputed.

The complaint of appellant seeks punitive damages by reason of a bad faith delay—the sole disputed assertion is the contention of appellant that her original condition was aggravated by the months of delay by the carrier in proceeding to approval of the lumbar disc surgery that had been recommended by the orthopedic surgeon.

As the author of the majority expression astutely recounts, the Pennsylvania Supreme Court (*Kuney v. PMA Insurance Company,* 525 Pa. 171, 578 A.2d 1285 (1990)) and this Court (*Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa.Super. 178, 613 A.2d 1235 (1992)) have effected a preclusion of recovery by a worker for the injury and harm flowing from the inept handling of a valid compensation claim even though, as the majority observes, such mishandling "may reflect a uniquely deplorable callousness on the part of insurers or employers...." So certain and striking a principle of law confers, some should assert, an undue, even unconscionable, benefit upon the insurance industry. One need not proceed to so sweeping a critique, for it is quite sufficient to rest with a far less disputable, perhaps, even, obvious, conclusion, namely, that this principle of law imposes a condition of oppression upon the working people in this Commonwealth. And so it is that I renew the rationale and cry for corrective legisla-

tion presented five years ago in *Santiago, supra* at 193–96, 613 A.2d at 1243–44.