## Verno v. Safeco Property & Casualty Insurance Companies

*Joe Francis,* for plaintiff.
*Daniel McDyer,* for defendant.

MASCARA, *J.,* August 18, 2005—This case stems from a civil action wherein a complaint was filed on

November 18, 2004. The plaintiff, Carmine P. Verno, filed suit against defendant Safeco Property & Casualty Insurance Companies, alleging that plaintiff was involved in an automobile accident on or about March 20, 2002. Mr. Verno alleged that he sustained various injuries for which he was treated and the defendant, Safeco, paid all the medical bills as the workers' compensation carrier. Plaintiff alleges, at paragraph 4 of his complaint, that on or about February 2004, when plaintiff asked the time limit for making a claim against Geico Insurance, the company which insured the other automobile involved in the accident with plaintiff, defendant responded that plaintiff had three years to make such a claim in Pennsylvania. The complaint further alleges that Safeco wrote a letter to Geico, advising them that plaintiff was pursuing a claim for special and general damages. At paragraph 6, the complaint states that plaintiff sent a demand letter to Geico Insurance Company, on or about April 14, 2004, advising them of his medical expenses, lost wages, and pain and suffering damages. Plaintiff apparently received a letter from Geico dated April 23, 2004, advising him that that statute of limitations in Pennsylvania was two years from the date of the loss and that the statute had expired as to plaintiff's claim. Plaintiff alleges that, due to the "misinformation" he received from the defendant relative to the statute of limitations issue, he did not take action on his claim prior to March 20, 2004. The complaint goes on to state that defendant's "failure to exercise reasonable care, skill and diligence in advising plaintiff of the statute of limitations in Pennsylvania constitutes a negligent act and a breach of duty to the plaintiff." (Complaint at paragraph 8.)

Defendant filed preliminary objections on December 20, 2004. Defendant maintained it was immune from suit, having provided workers' compensation benefits to plaintiff. Defendant further alleged that certain averments in plaintiff's complaint were sufficiently vague to render the pleading insufficient. A motion to schedule argument was filed on December 29, 2004, and argument was scheduled for January 28, 2005. Plaintiff filed a petition for extension of time in which to file a brief in opposition to the preliminary objections and a new argument date was scheduled for February 23, 2005. The court heard arguments on that date, and, after a review of the file and applicable law, the preliminary objections to the complaint were sustained and the complaint was dismissed. This appeal followed.

Plaintiff's singular issue in his statement of matters complained of on appeal is as follows: "[t]he court improperly granted summary judgment [sic] in favor of defendant by misinterpreting the Pennsylvania Workers' Compensation Act and by applying same to this case when the issues are whether the defendant caused damages to the plaintiff by informing plaintiff that he had three years in which to bring a lawsuit, when in fact he had only two years to do so."

From the onset, it should be noted that the court views plaintiff's claim as specious. Plaintiff apparently takes no responsibility whatsoever for having allowed the statute of limitations to run on his third-party claim, but rather places blame squarely upon the shoulders of his employer's workers' compensation carrier. While the court could find no case directly on point, the basic premise upon which plaintiff's complaint establishes his

foundation is false. The elements of a negligence-based cause of action are a duty, breach of duty, causal relationship between breach and resulting injury, and actual loss. *Campo v. St. Luke's Hospital,* 755 A.2d 20 (Pa. Super. 2000). In the instant case, *none* of those elements exist. This court does not believe defendant had *any duty whatsoever* to plaintiff, above and beyond those contemplated by the workers' compensation statute. Certainly no privity of contract existed between the parties. In reality, it is Mr. Verno who had a duty to investigate the actual statute of limitations in the state of Pennsylvania. Plaintiff had two years to do so and, despite a plethora of personal injury attorneys who advertise in every conceivable media format, plaintiff allegedly decided to rely exclusively upon the representations of a claims representative for defendant. Compounding plaintiff's problems is the fact that the defendant provided him with workers' compensation benefits.

Section 481(a) of the Pennsylvania Workers' Compensation Act indicates that "the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death . . . ." 77 P.S. §481(a). (footnotes omitted) Section 501(a)(1) of the Act states that every employer liable under the Act shall insure the payment of compensation through an insurance company, or mutual association or company, unless exempted and "[s]uch insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder . . . ." 77 P.S. §501(a)(1).

While the statutory language is clear enough, plaintiff's claim attempts to differentiate between the workers' compensation benefits provided, and any possible claims related thereto, and a common-law action against the employer for an injury which is noncompensable under the Act. In opposition to the preliminary objections, plaintiff cites *Grant v. GAF Corp.,* 415 Pa. Super. 137, 608 A.2d 1047 (1992), *affirmed,* 536 Pa. 429, 639 A.2d 1170 (1994), which certainly discusses the relationship between negligence cases and workers' compensation cases. In *Grant,* a consolidated appeal, three widows filed suit against various manufacturers and sellers of asbestos-containing products, alleging that plaintiffs' decedents had developed asbestosis and carcinoma as a result of exposure to defendant's products. Several plaintiffs had previously filed workers' compensation claims and all were denied. When these plaintiffs continued to pursue the civil action, motions for summary judgment were filed by some of the defendants and these motions were granted with the trial court determining that plaintiffs were collaterally estopped from pursuing their claims which had already been adjudicated at the workers' compensation actions. Plaintiffs appealed on the basis that collateral estoppel did not apply. On appeal, the Superior Court held that collateral estoppel did apply; however, *Grant* does hold that the exclusivity provision of the Workers' Compensation Act does not bar common-law actions against an employer for injuries which are noncompensable under the Act. That holding, of course, assumes that a litigant has some sustainable action at common law. This is precisely where plaintiff's claim in the instant case falls short of the mark. The *Grant* case is clearly distinguishable from the instant case.

In support of the preliminary objections, defendant cites *Santiago v. Pennsylvania National Mutual Casualty Insurance Company,* 418 Pa. Super. 178, 613 A.2d 1235 (1992). In *Santiago,* the appellant suffered a work-related injury and, as a result, underwent surgery and subsequent physical therapy. The appellant received weekly disability benefits pursuant to the Workers' Compensation Act and alleged that, as a result of his injury, he developed a psychiatric injury and was hospitalized several times for psychiatric care. Defendant paid for this care for a short period of time and then terminated payment. Appellant then filed a claim petition with the Workers' Compensation Bureau, alleging that appellant's attorney and an alleged representative of defendant had entered into settlement negotiations. Appellant argued that, upon reaching a settlement, he was notified that the representative did not have authority to act on behalf of the defendant and that a settlement would occur only if he agreed to a waiver for any future psychiatric treatment. The settlement fell through and appellant attempted suicide, which he claims was the result of exacerbated depression caused by the collapse of the settlement agreement. Appellant alleged fraud, intent to deceive and bad faith on the part of defendant. Defendant filed preliminary objections which were sustained by the trial court. The issue raised on appeal was whether the trial court erred in finding the alleged causes of action were barred by the exclusive remedy provisions under the Workers' Compensation Act. The Superior Court, after a thorough analysis of existing case law, held that because appellant's claims were completely intertwined with his original compensable injury, his remedy was specifically ad-

dressed by the provisions of the Workers' Compensation Act and he was precluded from seeking redress in tort against the insurance carrier. While helpful for academic purposes, *Santiago* is not directly on point as the "injuries" (bad legal advice) complained of in the instant case are completely unrelated to the original injuries (physical and/or mental) sustained by the plaintiff. In fact, in *Santiago,* a distinction was made between actions arising as a result of the carrier's "mishandling of claims," which have their ultimate basis in the underlying work-related claim, and actions which are not based upon an injury compensable under the Workers' Compensation Act and seek redress for a separate injury. No such "mishandling" allegation is made by the plaintiff herein. In truth, the case does not assist the defendant, who missed the mark by failing to address the underlying "negligence/duty" issues.

This court has also reviewed the cases of *Kuney v. PMA Insurance Company,* 525 Pa. 171, 578 A.2d 1285 (1990); *Taras v. Wausau Insurance Co.,* 412 Pa. Super. 37, 602 A.2d 882 (1992); and *Fry v. Atlantic States Insurance Company,* 700 A.2d 974 (Pa. Super. 1997), none of which are directly on point. It is important to note that the plaintiff in the instant case does not allege fraud, intentional deception or even misleading statements on the part of the defendant. It has been held that, absent such allegations, an employer has no affirmative duty to apprise a workers' compensation claimant of any or all available benefits. See *Miller v. Keystone Insurance Co.,* 535 Pa. 531, 636 A.2d 1109 (1994). This is not a case where an insurer fraudulently or deceptively lulled an insured into inaction. At best, even accepting all allegations in the

complaint as true, Mr. Verno can only prove that defendant may have given gratuitous, *albeit* bad advice. In order for there to be an action at common law sounding in negligence, the alleged tort-feasor must first owe a duty to the injured party. *Salvatore v. State Farm Mutual Automobile Insurance Company,* 869 A.2d 511 (Pa. Super. 2005). Where there is no duty, there can be no negligence. *Id.*